**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | |
| **v.** | **Case No. 25-CR-138-RAW** |
| **BRANDON LEAL CASTRO,** | |
| *Defendant.* | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE (DOC. NO. 17)

**COMES NOW** the plaintiff, the United States of America, by and through Christopher J. Wilson, United States Attorney, and Nicole Paladino, Assistant United States Attorney, and respectfully requests this honorable Court to deny Defendant's request for a downward variance and sentence him within the guidelines correctly calculated by probation—97-121 months. The United States further requests the guideline sentence imposed be ran concurrent to any sentence imposed in Case. No. 24-CR-198-RAW-03.

### SENTENCING ENHANCEMENTS UNDER USSG § 2G2.2(b)(2) AND (b)(6)

Defendant asks this Court to vary downward to a sentence of 54 months (Doc. No. 17, p. 9). Defendant argues that the United States Sentencing Commission reporting supports his position that the enhancements correctly applied to his sentence are problematic because they apply in most similar cases. It is important to note for the Court, however, that Defendant did not object to the PSR's conclusion that these enhancements apply. In fact, he concedes that they do in fact, literally, apply--Defendant just does not think they are very good enhancements. The Defendant, however, admitted to looking at CSAM involving prepubescent minors. He necessarily utilized computer/

1

internet technology to do so. The 10th Circuit has upheld sentences for the same conduct as this Defendant which applied these enhancements.

In *United States v. Dunham*—the defendant asked for a downward variance and raised the same argument related to the enhancements at bar in front of the District Court. The Court rejected the variance and applied the enhancements. On appeal, 10th Circuit affirmed the sentence and the enhancements, holding the following:

> The enhancement under U.S.S.G. § 2G2.2(b)(2) applies if the material involves a prepubescent minor or a minor who had not attained the age of twelve years. In his change of plea colloquy, Mr. Dunham admitted possession of two images of a minor engaging is sexually explicit conduct. The principal investigator testified that one of those two images depicted a child of less than one year of age. The government left up to the court the determination of whether any of the other images of minors involved prepubescent children. We conclude that the factual requirements for this enhancement were met.
> The enhancement under U.S.S.G. § 2G2.2(b)(6) applies if the offense involved the use of a computer for the "possession, transmission, receipt, or distribution of the material." The PSR states that "Dunham admitted that he received child pornography from unknown persons via the internet."

*U.S. v. Dunham*, 272 Fed. Appx. 708, 711 (10th Cir. 2008)(unpublished).

The United States Sentencing Commission has altered the sentencing guidelines over the years—however, it has yet to eradicate these enhancements despite reporting dating back as far as 2012 cited to by the Defendant. It is important to note that the analyzed sentences relate only to federal charges. States often retain jurisdiction in CSAM cases. One explanation for an enhancement related to prepubescent children in almost all cases sentenced federally, is that those cases are the most heinous in the CSAM realm of crime and therefore go federal more often instead of remaining solely stateside. The reporting done by the United States Sentencing Commission deals with figures but cannot account for the facts and circumstances that surround those figures.

## **NOTHING MENTIONED BY THE DEFNEDANT REGARDING TO THE 3553(a) FACTORS WARRANTS A DOWNWARD VARIANCE**

The Defendant points out his wonderful childhood "free of abuse and neglect" (Doc. No. 17, P. 5). He has a close family—siblings, a wife, children (*Id.*). Given the happy nature of his upbringing and the close relationships in his life, there is no excuse for his criminal activity. Further, Defendant points out potential sentencing disparities should he receive a guideline sentence-- but how many CSAM defendants referenced in the JSIN data were also simultaneously trafficking drugs? The United States is not objecting to a concurrent sentence as to this case and Case. No. 24-CR-198-RAW-03. A guideline sentence is more than fair and appropriate when considering his additional criminal activity involving drugs.

## **CONCLUSION**

This Defendant entered a guilty plea to a conspiracy involving drugs and to this CSAM charge. The enhancements at issue literally apply and should be honored in this case. Further, Defendant fails to make any reasonable argument for a downward variance based on the 3553(a) factors. A guideline sentence in this case is sufficient, but not in any way greater than necessary. The United States respectfully requests this Court to impose a sentence within the guidelines and to run it concurrent to any sentence imposed in Case. No. 24-CR-198-RAW-03.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/ Nicole Paladino
NICOLE PALADINO
AR BAR # 2017113
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
E-mail: Nicole.Paladino@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Further, counsel for the Government provided said documents by e-mail to counsel for the Defendant:

Collin Rocket, Attorney for Defendant

s/ Nicole Paladino
NICOLE PALADINO
Assistant United States Attorney